**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 17 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS LYNN GRAFF,

Defendant - Appellant.

No. 98-5210
(D. Ct. No. 98-CR-11-K)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **McKAY** , and **MURPHY** , Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On June 15, 1998, defendant pled guilty to a single count of mail fraud in violation of 18 U.S.C. §§ 1341 and 1346. On October 15, 1998, the district court sentenced defendant to 27 months imprisonment and three years of supervised release. Defendant contends the district court erred in enhancing his sentence based on abuse of trust as defined in the United States Sentencing Guidelines. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and affirm.

I.

In September 1994, Kwikset Corporation hired defendant as a plating engineer. His responsibilities included the general operation of the plating division, the purchase of capital equipment for that division and the purchase of new and better chemicals to be used in the plating process. In the past, Kwikset had purchased equipment through product representatives who commonly charged a sales commission. In hiring defendant, Kwikset hoped in part to eliminate some commission expense by relying upon defendant's purchasing expertise.

Defendant began purchasing equipment and supplies for Kwikset through a personal friend, James Franks. Under the arrangement, defendant notified Franks about equipment Kwikset needed, and Franks contacted the vendor to negotiate a price. Franks included a sales commission for himself in the price quote but kept the ultimate price within the range acceptable to Kwikset. Once the sale was complete, Franks split the resulting commission with defendant. Kwikset was

unaware that defendant received any commission on company purchases. Defendant did not need approval from any supervisor for company expenditures under a certain dollar amount.

In addition to generating commissions for himself, defendant obtained an unauthorized consulting fee when he purchased a plating machine for Kwikset. In negotiating the acquisition, defendant instructed the vendor to include an engineering consulting fee in its price quote. Defendant then directed the vendor to send the consulting fee to an address in Sapulpa, Oklahoma. Unbeknownst to the vendor, this was defendant's home address. Kwikset was unaware that any consulting fee had been included in the price quote.

II.

Section 3B1.3 of the sentencing guidelines mandates a two-level upward adjustment of defendant's base offense level if "defendant abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense." We review for clear error a district court's determination of what constitutes an abuse of trust. United States v. Williams, 966 F.2d 555, 557 (10th Cir. 1992).

In making an abuse-of-trust determination, the district court may consider a number of factors, including:

> the extent to which the position provides the freedom to commit a difficult-to-detect wrong, and whether an abuse could be simply or readily noticed;

defendant's duties as compared to those of other employees; defendant's level of specialized knowledge; defendant's level of authority in the position; and the level of public trust.

Id.

In the instant case, the district court explained its abuse-of-trust adjustment by pointing to defendant's position within the company, his purchasing authority in that position and his unique ability as a company insider to perpetrate the schemes at issue.   We find that the district court faithfully applied the <u>Williams</u> criteria  and therefore hold that the imposition of the two-level sentence enhancement is not clearly erroneous.

AFFIRMED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge